ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| ANGEL ORTIZ ROSA<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelados | KLAN202400307 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2022CV00470<br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante nos, el apelante el señor Ángel Ortiz Rosa (señor Ortiz Rosa) mediante el recurso de *Apelación*. Nos solicita la revocación de la *Sentencia* emitida el 26 de enero de 2024 y notificada el 29 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI). Mediante el referido dictamen, el foro primario desestimó la *Demanda* instada por el apelante de conformidad a la Regla 39.2(b) de Procedimiento Civil.

Por los fundamentos expuestos a continuación, revocamos la *Sentencia* apelada.

**I.**

El 5 de mayo de 2022, el señor Ortiz Rosa instó una *Demanda* de daños y perjuicios en contra del Estado Libre Asociado de Puerto Rico (ELA), la Autoridad de Carreteras y Trasportación de Puerto Rico (ACT), el Departamento de Transportación y Obras Públicas (DTOP), y el Municipio Autónomo de Fajardo (Municipio), entre otros.[1] En ajustada síntesis, alegó que el 11 de mayo de 2021 sufrió

---

[1] Apéndice de Apelante, págs. 1-3.

un accidente vehicular por la falta de iluminación e inobservancia de aviso respecto a una excavación realizada en la Carretera Número 53 de Fajardo. Como consecuencia, detalló que sufrió daños en su espalda, en particular, en el área lumbar y cervical. A raíz de dicha situación, señaló que ha recibido terapias físicas, sin embargo, su dolor no ha minimizado. Por lo anterior, solicitó $77,002.00 en concepto de daños físicos, angustias mentales y daños provocados a su vehículo de motor.

En respuesta, el 28 de septiembre de 2022, la Autoridad de Carreteras y Transportación presentó su *Contestación a Demanda*.[2] En esencia, señaló que la *Demanda* no aduce hechos que justifiquen la concesión de un remedio. Arguyó que la causa de acción se encuentra total o parcialmente prescrita. En vista de lo anterior, peticionó que el tribunal declarase *No Ha Lugar* la *Demanda* con la imposición correspondiente de gastos, costas y honorarios.

Por su parte, el 30 de septiembre de 2022, el Municipio de Fajardo sometió una *Solicitud de Desestimación de la Demanda, en cuanto al Municipio de Fajardo, por Incumplimiento del Demandante con el Artículo 1.051 del Código Municipal*.[3] En dicho escrito, expuso que el demandante no le remitió una notificación extrajudicial como condición previa para reclamar judicialmente. Por tanto, sostuvo que el tribunal carece de jurisdicción sobre la materia. Solicitó la desestimación del reclamo instado en su contra. Consecuentemente, el foro primario concedió el término de veinte (20) días para que el demandante presentara su posición.

Así las cosas, el 22 de octubre de 2022, el Apelante presentó *Moción Solicitando Tiempo Adicional para Contestar Moción Solicitando Desestimación*.[4] En ésta, su representante legal indicó que enfrentaba una delicada situación de salud. Por lo que, solicitó

---

[2] Íd., págs. 4-6.
[3] Íd., págs. 7-14.
[4] Íd., pág. 16.

un término de veinte (20) días para cumplir con lo ordenado. Evaluada su petición, el tribunal concedió el término solicitado.

En cumplimiento con lo ordenado, el 20 de diciembre de 2022, la parte demandante presentó una *Moción en Oposición a Moción de Desestimación*.[5] En ésta, alegó que el requisito de notificación ha sido eximido en determinadas situaciones. En particular, argumentó que como se encuentra en tratamiento, éste dispone del término de treinta (30) para notificar una vez culmine dicho procedimiento a tenor con el Artículo 15.003 de la Ley Núm. 81. Examinados los argumentos, el 23 de noviembre de 2023, el foro primario dictó *Sentencia Parcial* en la cual desestimó el reclamo contra el Municipio por incumplimiento de notificación extrajudicial.[6]

Eventualmente, el 19 de diciembre de 2022, el Apelante sometió una *Moción de Renuncia a Representación Legal*.[7] En lo atinente, su abogado solicitó la renuncia por motivo de su delicada condición de salud. Requirió, además, un término de treinta (30) días para que su cliente obtuviera nueva representación legal. Ese mismo día, el tribunal declaró *Ha Lugar* su petición.[8] En efecto, el 10 de enero de 2023, la parte demandante presentó una *Moción Solicitando Término para Contratar Abogado* debido a que el periodo navideño impidió finalizar los trámites de contratación de abogado.[9] Ante tales circunstancias, peticionó treinta (30) días adicionales. En efecto, el foro primario concedió diez (10) días adicionales para anunciar nueva representación legal.[10] En vista de ello, el 24 de enero de 2023, el demandante presentó *Moción Asumiendo Representación Legal y Solicitud de Vistas sobre el Estado de los*

---

[5] Íd., págs. 18-22.
[6] Íd., págs. 23-24.
[7] Íd., pág. 25.
[8] Íd., pág. 26.
[9] Íd., pág. 27.
[10] Íd., pág. 28.

*Procedimientos.*[11] En esa misma fecha, el TPI notificó la aceptación de su representante legal actual.

El 29 de junio de 2023, el foro primario emitió una *Orden,* notificada el 30 de junio de 2023, en la cual requirió que en el término de diez (10) días la parte demandante informara sobre el estado del caso.

Sin comparecer aún el demandante, el 13 de julio de 2023, el tribunal apelado dictó una *Orden*, notificada el 17 de julio de 2023.[12] Mediante ese dictamen, le requirió que en el término de diez (10) días contados a partir de la notificación, expusiera por escrito las razones por las cuales no desestimar el presente caso a tenor con la Regla 39.2(a) de Procedimiento Civil.

Al día siguiente, entiéndase, el 18 de julio de 2023, el demandante presentó una *Moción en Cumplimiento de Orden.*[13] Argumentó que su inactividad responde a los trámites extrajudiciales relacionados con el descubrimiento de prueba. Informó que aguarda aún la celebración de la vista solicitada para atender el estado de los procedimientos. A su vez, peticionó que el tribunal no desestimara su reclamación judicial. Evaluada su moción, el 18 de julio de 2023, el TPI emitió una *Orden* con la siguiente indicación:

> SE SEÑALA VISTA DE ESTADO DE PROCEDIMIENTOS PARA EL 22 DE ENERO DE 2024 A LAS 11AM MEDIANTE VIDEOCONFERENCIA.[14]

No obstante, el 22 de enero de 2023, el foro primario *motu-proprio* dejó sin efecto el señalamiento calendarizado.[15] Como resultado, el 13 de febrero de 2024 emitió y notificó *Sentencia* en la cual desestimó la *Demanda* a tenor con la Regla 39.2(b) de

---

[11] Íd., pág. 29.
[12] Véase la Entrada 43 del Sistema Unificado de Manejo y Administración de Casos.
[13] Apéndice de Apelante, págs. 32-33.
[14] Íd., pág. 34.
[15] Íd., pág. 35.

Procedimiento Civil.[16] En lo pertinente, el TPI esbozó el siguiente razonamiento:

> El 17 de julio de 2023 se emitió orden bajo la Regla 39.2(a) mediante la cual se le concedió un término de 10 días a la parte demandante para que expusiera por escrito las razones por las cuales no se debía desestimar el caso. El 18 de julio de 2023 el representante legal de la parte demandante presento una Moción en Cumplimiento de Orden mediante la cual solicitó que no se desestimara el caso y solicitando el señalamiento de una vista sobre el estado de los procedimientos. Ese mismo día se señaló la vista solicitada para el 22 de enero de 2024. Luego de seis meses sin actividad en el presente caso este Tribunal procede a realizar una determinación al amparo de la Regla 39.2(b) de Procedimiento Civil.[17]

> [...]

> No existe duda que estamos ante un caso para el cual el periodo de inactividad de seis meses contemplado por la Regla 39.2(b) transcurrió. Este Tribunal ya había emitido orden a la parte demandante para que expresara sus razones por las cuales no se debía desestimar el caso bajo la Regla 39.2(a), ya que no se había realizado trámite alguno desde que asumió representación legal el nuevo abogado de la parte demandante. La parte demandante se expresó mediante Moción en Cumplimiento de Orden, pero pasaron seis meses sin que se hubiera efectuado trámite alguno.[18]

En virtud de lo anterior, decretó que procedía la desestimación con perjuicio de conformidad a la Regla 39.2(b) de Procedimiento Civil. Oportunamente, el 13 de enero de 2024, la parte demandante presentó *Reconsideración*.[19] En su escrito, señaló que el 22 de enero de 2024, el foro primario dejó sin efecto *motu-proprio* la celebración de la vista. También, puntualizó que siete (7) días después dictó sentencia desestimatoria. Argumentó que la referida desestimación no fue precedida por los apercibimientos o los requisitos procesales impuestos por la Regla 39.2(a) de Procedimiento Civil. En vista de ello, sostuvo que el tribunal infringió su debido proceso de ley. Luego de evaluar sus planteamientos, el 29 de enero de 2024, el TPI emitió

---

[16] Íd., págs. 36-38.
[17] Íd. pág. 36.
[18] Íd., pág. 38.
[19] Íd., págs. 39-46.

una *Orden* declarando *No Ha Lugar* la reconsideración peticionada.[20]

Inconforme, el 1 de abril de 2024, el señor Ortiz Rosa acude ante nos mediante un *Escrito de Apelación Civil*. En su recurso, presenta el siguiente señalamientos de error:

> **ERRÓ EL TPI AL DISPONER COMO DRÁSTICA SANCIÓN DICTAR <u>SENTENCIA CON PERJUICIO EN INOBSERVANCIA DEL PROCEDIMIENTO DISPUESTO EN LA REGLA 39.2(A), 32 L.P.R.A. AP. V. R. 39.2(A)</u> Y LA NORMATIVA JURISPRUDENCIAL VIGENTE QUE REGULA CÓMO SANCIONAR EL INCUMPLIMIENTO DE LAS ÓRDENES JUDICIALES.**

Examinada la petición presentada, le requerimos a la parte apelada someter su alegato en oposición. En cumplimiento con lo ordenado, el 18 de abril de 2023, la Autoridad de Carreteras y Transportación presentó su *Oposición a Apelación.* Por su parte, el 29 de abril de 2024, el Gobierno de Puerto Rico en representación de la ACT sometió un escrito intitulado *Comparecencia Especial* sin someterse a la jurisdicción. En éste, argumentó que la parte demandante no le emplazó correctamente. Por tanto, solicitó que le relevaran de presentar su oposición. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A. Desestimación por incumplimiento de orden de conformidad a la Regla 39.2(a) de Procedimiento Civil**

Nuestro ordenamiento jurídico favorece la ventilación de los casos en sus méritos. *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 221 (2001); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992). No obstante, una parte no tiene derecho a prolongar la vida de su caso "sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales". *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 816 (1986). En tales escenarios, los tribunales

---

[20] Íd., pág. 51.

ostentan la facultad "para imponer una serie de sanciones contra aquella parte que incumpla una orden del tribunal". *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 2023 TSPR 110.

En particular, la Regla 39.2(a), 32 LPRA Ap. V, R. 39.2(a), preceptúa el procedimiento para atender el incumplimiento con órdenes del tribunal:

> (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

Este mecanismo procesal procura que una parte responda prontamente con el fin de alcanzar la solución justa, rápida y económica de los casos y que las controversias se puedan atender en los méritos. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.* 2023 TSPR 110. Véase, también, *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998*)*.

La precitada regla fija un proceso de notificaciones y apercibimientos previo a la desestimación del caso. Ante un contexto que amerite la imposición de sanciones, el tribunal debe amonestar primeramente al abogado de la parte. *Mejías v. Carrasquillo*, 185 DPR 288, 297 (2012). Ahora bien, no podrá imponer sanciones drásticas cuando "la parte que ejercita su derecho en corte no está

informada de los trámites rutinarios". *Dávila v. Hosp. San Miguel, Inc., supra,* pág. 814; *Ramírez de Arellano v. Srio. de Hacienda,* 85 DPR 823, 830 (1962). Si la acción disciplinaria no produce efectos positivos, entonces procede la desestimación de la demanda o la eliminación de las alegaciones, siempre y cuando la parte haya sido debidamente informada y apercibida de las consecuencias que acarrea el incumplimiento. *Mejías v. Carrasquillo, supra; Mun. de Arecibo v. Almac. Yakima, supra,* págs. 222-22.

**B. Desestimación por inactividad de conformidad a la Regla 39.2(b) de Procedimiento Civil**

La Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b), permite la desestimación de la causa de acción cuando las partes en un término de seis (6) meses no han efectuado trámite alguno. A esos fines, la precitada disposición establece:

> (b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla. El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos. 32 LPRA Ap. V, R. 39.2(b).

Una desestimación por inactividad tendrá el efecto de una adjudicación en los méritos. *Banco de la Vivenda de Puerto Rico v. Carlo Ortiz,* 130 DPR 730, 738 (1992). Cuando la sentencia dictada advenga final y firme, constituirá cosa juzgada y le cerrará las puertas a la parte perjudicada para instar casos subsiguientes por los mismos hechos o las causas de acción. *Sánchez Rodríguez v. Adm. de Corrección,* 177 DPR 714, 721 (2009).

En escenarios ocasionados por inactividad, el Tribunal Supremo de Puerto Rico ha sido enfático en imponer remedios alternos previo a la desestimación:

Planteada una situación que amerita sanciones, el tribunal debe, en primera instancia, imponerlas al abogado de la parte. Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que la ésta no sea corregida. *Mun. de Arecibo v. Almac. Yakima, supra,* págs. 222-223; *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982).

Cónsono con lo anterior, "la privación a un litigante de su día en corte es una medida procedente solo en casos extremos". *Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13, *Rosario v. Nationwide Mut.*, 158 DPR 775, 780 (2003). La normativa esbozada permite "que los tribunales atemperen su aplicación frente a la política pública de que los casos se ventilen en sus méritos". *Sánchez Rodríguez v. Adm. de Corrección, supra*, pág. 721.

**III.**

En el caso presente, el señor Ortiz Rosa alega que incidió el Tribunal de Primera Instancia al desestimar su causa de acción civil. Sostiene que la desestimación con perjuicio infringe su debido proceso de ley y le priva de su día en corte. Señala que previo a decretar la sanción extrema, el foro primario debió emitir un apercibimiento e imponer una sanción a su representante legal.

Tras evaluar sosegadamente el expediente ante nuestra consideración, concluimos que erró el tribunal apelado al dictaminar la desestimación con perjuicio de la *Demanda* instada por la parte apelante. El foro primario debió emplear la desestimación como último recurso. Le correspondía imponer una sanción menos drástica a los fines de garantizar la ventilación del caso en sus méritos. Veamos.

En primer lugar, hacemos referencia a las particularidades de este caso. En específico, 14 de diciembre de 2022, el licenciado Freddie Blondet Gutiérrez, quien era abogado del señor Ortiz Rosa, presentó su *Moción de Renuncia a Representación Legal* debido a su

crítico estado de salud. Ante tales circunstancias, el 24 de enero de 2023, el TPI aceptó que el licenciado Luis E. Pinto Andino asumiera la representación legal del demandante.

Transcurrido un término de seis meses, el 29 de junio de 2023, el foro primario emitió una *Orden*, notificada el 30 de junio de 2023, en la cual exclusivamente requirió a la parte demandante informar el estado del presente caso en el término de diez (10) días. En vista de que el apelante no cumplió con el referido dictamen, el 17 de julio de 2023, el tribunal apelado emitió una *Orden* al amparo de la Regla 39.2(a) de Procedimiento Civil. En ésta, requirió que expusiera sus razones por las cuales no deba desestimar su caso. Cabe destacar que, dicho dictamen no incluye un apercibimiento sobre futura sanción o una notificación sobre la posibilidad de una desestimación. Tampoco la determinación presenta un pronunciamiento que concediera a la parte un término razonable de treinta (30) días para corregir la situación de incumplimiento, tal como prescribe la aludida regla.

Al día siguiente, el 18 de julio de 2023, el señor Ortiz Rosa expuso que la inactividad responde a los trámites extrajudiciales relacionados con el descubrimiento de prueba. Así las cosas, el tribunal decretó la celebración de una vista el 22 de enero de 2024. Sin embargo, llegado ese día, el tribunal dejó sin efecto automáticamente la vista calendarizada. Con posterioridad, desestimó la causa de acción mediante un análisis mecanicista de conformidad a la Regla 39.2(b) de Procedimiento Civil.

Recordemos, pues, que la precitada regla exige que previo a desestimar por inactividad se conceda un término de diez (10) a la parte demandante para expresar por escrito las razones por las cuales no desestimar. Incluso, luego de ese procedimiento, se favorece decretar acciones menos severas como la imposición sanciones al representante legal o la eliminación de alegaciones

siempre y cuando la parte haya sido informada y apercibida de la situación. Véase, *Mun. de Arecibo v. Almac. Yakima, supra,* págs. 222-223; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

Sin embargo, no surge del expediente que el TPI haya notificado directamente a la parte apelante sobre el asunto de inactividad a tenor con la Regla 39.2(b) de Procedimiento Civil. Tampoco, impuso sanciones directas a su representante legal. Meramente fundamentó la decisión desestimatoria en el procedimiento decretado en la *Orden* emitida el 17 de julio de 2023 a tenor con la Regla 39.2(a) de Procedimiento Civil. En tal dictamen, el foro de instancia requirió al demandante a comparecer en el término de diez (10), tal como lo hizo. No obstante, dicho proceder resulta insuficiente para desestimar la causa de acción. Correspondía adoptar un trámite judicial que garantizara el debido proceso de ley, y consecuentemente, no privara al demandante de su día en corte.

Una lectura detenida de la *Sentencia* desestimatoria corrobora que el señor Rosa Ortiz no estuvo apercibido respecto a la situación de inactividad del caso y a sus posibles consecuencias a tenor con la Regla 39.2(b) de Procedimiento Civil. En vista de lo anterior, resulta forzoso concluir que incidió el TPI al desestimar la reclamación judicial sin siquiera notificar al Apelante ni imponer sanciones a su representante legal como medida menos drástica. En aras de favorecer la ventilación de los casos en sus méritos, revocamos el dictamen apelado.

**IV**

Por las razones que anteceden, revocamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del

Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones